UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT LEO HARDESTY, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-00571-JRS-DML |
| | ) |
| KINDERMAN, | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Robert Leo Hardesty, Jr., who was confined at the Floyd County Jail at the times relevant to this suit, alleges that the defendant, Officer Scott Kinderman, assaulted him in his cell on August 10, 2018. Mr. Hardesty is seeking compensatory damages from the defendant.

Before the Court is the defendant's motion for summary judgment. Dkt. [23]. Mr. Hardesty has not responded and the time to do so has passed. The motion is now ripe for review. For the reasons explained in this Order, the defendant is entitled to summary judgment on all of Mr. Hardesty's claims.

**I.
Summary Judgment Standard**

Summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). To survive a motion for summary judgment, the non-moving party must set forth specific, admissible evidence showing that there is a material issue for trial. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). The Court views the record

in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *See Darst v. Interstate Brands Corp.*, 512 F.3d 903, 907 (7th Cir. 2008). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *See O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has repeatedly assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trustees of Indiana University,* 870 F.3d 562, 573-74 (7th Cir. 2017).

A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## II.
## Factual Background

The defendant's statement of undisputed facts relies, in part, on Mr. Hardesty's untimely and incomplete responses to requests to admit. The defendant served Mr. Hardesty with requests to admit on September 18, 2019, and he responded on December 2, 2019, after the defendant filed a motion to compel. *See* dkt. 20. A matter is admitted unless denied or objected to in writing within 30 days. Fed. R. Civ. P. 36(3). Mr. Hardesty did not seek additional time to respond to the requests to admit and has made no argument that his failure to timely respond should not result in the admission of the defendant's requests to admit. Therefore, the following statement of facts includes admissions made by Mr. Hardesty through his failure to timely respond to the defendant's requests

to admit.[1]

On July 23, 2018, while incarcerated at Floyd County Jail, Mr. Hardesty broke his collarbone. Floyd Baptist Memorial emergency room treated Mr. Hardesty and instructed him to wear his arm in a sling. Dkt. 26-6 at 9-10.

On the morning of August 10, 2018, defendant Kinderman was working in the booking area of the Floyd County Jail. Mr. Hardesty was confined to cell BH-3 in the booking area due to previous disciplinary infractions. Mr. Hardesty began banging his cup against his cell door at approximately 3:40 a.m. This created a disturbance and interfered with the Jail's booking operations. Officer Kinderman entered Mr. Hardesty's cell to determine the problem and order Mr. Hardesty to stop banging the cup against the cell door. Dkt. 26-9.

After Officer Kinderman entered the cell, Mr. Hardesty expressed anger that he had been woken up by officers signing his watch sheet. Mr. Hardesty then waived his cup in defendant Kinderman's face. In order to ensure nothing got out of control, defendant Kinderman placed his right hand on Mr. Hardesty's shoulder and used his left hand to remove the cup from Mr. Hardesty's grasp. Defendant Kinderman did not strike, hit, punch, or kick Mr. Hardesty. In interacting with Mr. Hardesty, defendant Kinderman did not intend to hurt Mr. Hardesty. *Id*.

---

[1] Even if the Court were to consider Mr. Hardesty's late responses to the requests to admit, most of the requests would still be admitted because Mr. Hardesty either did not respond to particular requests or responded "irrelevant." *See* dkt. 54-5. Of particular relevance to this Order, Mr. Hardesty failed to respond to the following requests to admit: "13. Admit that on August 10, 2019, you did not sustain any new injury as a result of your interaction with Officer Kinderman in your cell." The Court notes it need not reach the defendant's argument that some of the requests to admit are admitted simply because Mr. Hardesty did not use the words "admit" or "deny." But "yes," "no," and narrative answers explaining why a request to admit is denied can be acceptable. *See Honeycutt v. First Fed. Bank*, 2003 WL 1054235, at *1 (W.D. Tenn. 2003). Here, Mr. Hardesty is deemed to have admitted all defendant's requests to admit because Mr. Hardesty did not timely respond and has made no argument as to why Rule 36(a)(3) should not be applied.

Officer Kinderman used the minimal amount of force necessary to obtain the cup from Mr. Hardesty. After removing the cup from Mr. Hardesty's grasp, defendant Kinderman told Mr. Hardesty to back up and sit down and Mr. Hardesty complied. Officer Kinderman then ordered Mr. Hardesty to cease banging his cup on the BH-3 cell door. Officer Kinderman exited Mr. Hardesty's cell and there were no further incidents between the two. *Id*. During the encounter, Mr. Hardesty made no indication that he was injured from defendant Kinderman placing his hand on Mr. Hardesty's shoulder. *Id*. The only reason defendant Kinderman placed his hand on Mr. Hardesty's shoulder was to be able to remove the cup from his hand. Dkt. 26-9.

On August 10, 2018 at approximately 10:30 a.m., Officer Pendleton called a nurse check on Mr. Hardy after Officer Pendleton interacted with him in his cell.[2] Dkt. 26-8. Floyd County Jail Nurse Marlena Beacraft responded to Officer Pendleton's call and checked on Mr. Hardesty in his cell. Nurse Beacraft concluded that Mr. Hardesty was not injured and did not need medical attention. Mr. Hardesty did not complain of increasing pain in his left shoulder. Dkt. 26-10. Mr. Hardesty did not suffer any new injuries on August 10, 2018. *Id*.; Dkt. 26-5 No. 13.

However, on August 11, 2018, Mr. Hardesty filed a medical request stating in relevant part he was "having pain in [his] chest and broken collarbone due to officers [P]endleton and sergeant [K]inderman assaulting [him]." Nurse Kelly responded to his request and stated she would see him that day. A notation on the medical request dated August 12, 2018 states "[patient] states issue is resolved at this time." Dkt. 16-6 at 5.

---

[2] Mr. Hardesty's claims against Officer Pendleton are proceeding in case no. 1:19-cv-00570-SEB-TAB.

4

## III.
## Discussion

Mr. Hardesty was a pretrial detainee at the time of the alleged incident. Therefore, the claim of whether the defendant subjected Mr. Hardesty to cruel and unusual punishment is analyzed under the Fourteenth Amendment. "[A] pretrial detainee can prevail by providing objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2475 (2015).

Officer Kinderman moves for summary judgment arguing that he did not use excessive force against Mr. Hardesty. The evidence before the Court is that Officer Kinderman used the minimal force necessary to remove a cup from Mr. Hardesty's hand after Mr. Hardesty had been using the cup to disrupt the working of the jail's booking area. The force was rationally related to a legitimate governmental objective and was not excessive in relation to that purpose. Anyway, although Mr. Hardesty reported pain in his shoulder the following day, there is no evidence that Officer Kinderman's actions exacerbated Mr. Hardesty's broken collarbone. In fact, when the Nurse followed up with Mr. Hardesty one day after his medical request regarding pain in his shoulder, he reported that the issue was resolved.

Mr. Hardesty has failed to rebut the defendants' evidence. Because there is no evidence that the defendant used force that was not rationally related to a legitimate governmental objective or was excessive in relation to that objective against Mr. Hardesty on August 10, 2018, the defendant is entitled to summary judgment.

## IV.
## Conclusion

For the reasons stated above, the defendant's motion for summary judgment, dkt. [23], is **granted**. Final judgment consistent with this Order shall issue.

    **IT IS SO ORDERED.**

Date: August 4, 2020

                                        JAMES R. SWEENEY II, JUDGE
                                        United States District Court
                                        Southern District of Indiana

Distribution:

ROBERT LEO HARDESTY, JR.
854546
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Christine Marie Clark
KIGHTLINGER & GRAY LLP
cclark@k-glaw.com

Corey J. Dunn
KIGHTLINGER & GRAY LLP
cdunn@k-glaw.com

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP (New Albany)
jlowe@k-glaw.com